## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CORINNE COLLINS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| OFFICE OF THE ATTORNEY | § | 1:22-cv-04392-WMR-JSA |
| GENERAL, STATE OF GEORGIA | § | |
| DEPARTMENT OF LAW and JULIE | § | |
| ADAMS JACOBS, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT

COME NOW, Defendants Office of the Attorney General, State of Georgia Department of Law, and Julie Jacobs, and answer the numbered paragraphs of Plaintiff's First Amended Complaint as follows:

NATURE OF COMPLAINT

1. Defendants admit that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 as enforced through 42 U.S.C. § 1983. Defendants deny that they engaged in any conduct that gives rise to Plaintiff's claims and deny that Plaintiff is entitled to any relief whatsoever.

ADMINISTRATIVE PROCEDURES

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and hence deny same and demand strict proof thereof from Plaintiff.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and hence deny same and demand strict proof thereof from Plaintiff.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and hence deny same and demand strict proof thereof from Plaintiff.

JURISDICTION AND VENUE

5.  In response to Paragraph 5 of the Complaint, Plaintiff's statement regarding jurisdiction is a conclusion of law to which no response is required. To the extent a response is required, Defendant admits this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 but denies that jurisdiction is proper under the other named statutes.

6.  In response to Paragraph 6 of the Complaint, Defendants admit venue is proper. Defendants deny all remaining or inconsistent allegations in this paragraph.

PARTIES

7. Defendants admit that Plaintiff is a United States citizen and has submitted herself to the jurisdiction of this Court.

8. Defendants admit that the Attorney General's Office is a governmental unit of the State of Georgia located at 40 Capitol Square SW, Atlanta, GA 30334, and that it has a website that contains information related to its role and purpose within state government. Defendants further admit that the Attorney General's Office represents divisions and departments of state government. Defendants deny all remaining or inconsistent allegations in this paragraph.

9. Defendants admit that the language quoted appears on the Attorney General's Office website.

10. In response to Paragraph 10 of the Complaint, Plaintiff's statement regarding the terms and definitions of a legal statute is a conclusion of law to which no response is required. To the extent a response is required, any allegations contained in Paragraph 10 of the Complaint are denied.

11. All claims against Christopher Carr have been dismissed in full and therefore no response is required, hence Defendants deny all allegations in Paragraph 11.

12. Defendants admit that Julie Jacobs was in charge of the Commercial Transactions and Litigations Division at the Attorney General's Office in

2020, that she was appointed as a Superior Court Judge in August 2022, and that service of process is correct at the given address. Defendants deny all remaining or inconsistent allegations in this paragraph.

STATEMENT OF FACTS

13. Defendants admit that Plaintiff began working for the Attorney General's Office on or around December 16, 2015 as a secretary and paralegal in the tax section. Defendants deny all remaining or inconsistent allegations in this paragraph.

14. To the extent an answer is required to Plaintiff's opinion set forth in Paragraph 14, Defendants deny the allegations as phrased.

15. Defendants deny the allegations in Paragraph 15 of the Complaint as phrased.

16. Defendants deny the allegations in Paragraph 16 of the Complaint as phrased.

17. Defendants admit that Jacobs was put in charge of the Commercial Transactions and Litigation Division around the time frame set forth in the allegation and that the tax section was within the Division.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants admit that Plaintiff applied for intermittent leave under the Family and Medical Leave Act and was approved for same to care for her grandmother. Defendants deny all remaining or inconsistent allegations in this paragraph.

23. Defendants admit that Jacobs directed several paralegals to provide cross-section training due to the pandemic and because employees would be working from home due to the pandemic. Defendants deny all remaining or inconsistent allegations in this paragraph.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff sent an email to Jacobs for the purpose of criticizing her and that Jacobs asked Plaintiff to attend a meeting in response. Defendants deny all remaining or inconsistent allegations in this paragraph.

26. Defendants admit that Plaintiff attended the meeting but deny all remaining or inconsistent allegations in this paragraph.

27. Defendants deny the allegations in Paragraph 27 of the Complaint as phrased.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny that Plaintiff ever made a complaint pursuant to a policy and hence deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny that Plaintiff ever made a complaint about race pursuant to a policy and hence deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny that Plaintiff ever made a complaint about race pursuant to a policy and hence deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint as phrased.

37. Defendants admit that a decision was made to terminate Plaintiff's employment for performance issues. Defendants deny all remaining or inconsistent allegations in this paragraph.

38. Defendants deny the allegations in Paragraph 38 of the Complaint as phrased.

39. Defendants deny the allegations in Paragraph 39 of the Complaint as phrased.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what she was told by an administrative hearing officer, and therefore, denies the allegation. Defendants deny all remaining or inconsistent allegations in this paragraph.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants admit that, during Jacobs' time overseeing the Commercial Transactions and Litigations Division, two staff members were terminated, including Plaintiff. Defendants deny all remaining or inconsistent allegations in this paragraph.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. All claims against Christopher Carr have been dismissed in full and therefore no response is required, hence Defendants deny all allegations in Paragraph 47 of the Complaint.

COUNT ONE RACE DISCRIMINATION UNDER TITLE VII

48. Defendant incorporates the responses to the preceding paragraphs as if fully incorporated herein.

49. Defendants deny the allegations in Paragraph 45 of the Complaint as phrased.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

## COUNT TWO RACE DISCRIMINATION UNDER THE FOURTEENTH AMENDMENT

56.  Defendant incorporates the responses to the preceding paragraphs as if fully incorporated herein.

57. Defendants admit that the Fourteenth Amendment protects American citizens from discrimination based on race by those acting under color of law, but denies all remaining or inconsistent allegations that Plaintiff was subjected to discriminatory treatment.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. All claims against Christopher Carr have been dismissed in full and therefore no response is required, hence Defendants deny all allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

## COUNT THREE RACE DISCRIMINATION UNDER SECTION 1981

65. Defendant incorporates the responses to the preceding paragraphs as if fully incorporated herein.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

COUNT FOUR RETALIATION UNDER TITLE VII

70. Defendant incorporates the responses to the preceding paragraphs as if fully incorporated herein.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

COUNT FIVE RETALIATION UNDER SECTION 1981

76. Defendant incorporates the responses to the preceding paragraphs as if fully incorporated herein.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to judgment in her favor, that Defendants committed any unlawful act, and that Plaintiff is entitled to any form of legal or equitable relief requested in the unnumbered "Prayer for Relief" paragraph including its subparts (a) through (k) following Paragraph 82.

DEMAND FOR TRIAL BY JURY

Defendants admit that Plaintiff has demanded a jury trial, but states Plaintiff is not entitled to a jury trial because Defendant is entitled to judgment as a matter of law.

**GENERAL DENIAL**

Defendants deny each and every allegation of fact and conclusion of law contained in the Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint. Insofar as any of the following expresses denial of an element of the claims, or any of them, alleged against Defendants, such expression is in no way intended as a concession that Plaintiff is relieved of her burden to prove each and every element

of any such claim. Defendants do not assume the burden on any defense asserted that is adjudged not to be an affirmative defense whether listed here or not.

## FIRST DEFENSE

Plaintiff has failed to allege sufficient facts to state any claims upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## THIRD DEFENSE

Defendants engaged in good faith efforts to comply with civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state and/or federal law.

## FOURTH DEFENSE

All actions taken by Defendants regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory reasons that were in no way related to Plaintiff's race or any other protected activity or characteristic.

## FIFTH DEFENSE

Even assuming any adverse action was taken against Plaintiff in which an impermissible consideration was a factor— which Defendant denies— Defendant would have taken the same action even in the absence of the impermissible consideration.

## SIXTH DEFENSE

Plaintiff's causes of action as stated in the Complaint are barred by the doctrine of avoidable consequences because Plaintiff unreasonably failed to make use of Defendant's procedures by failing to timely and properly report any alleged discrimination or harassment, and Plaintiff's damages could have been avoided in whole or in part by reasonable use of these procedures.

## SEVENTH DEFENSE

Plaintiff's damages, if any, may be reduced or offset by virtue of any recovery she has obtained or may obtain from any other source as a result of any workers' compensation claim, unemployment benefits, disability benefits, or other employment.

## EIGTH DEFENSE

Plaintiff has an obligation to mitigate her damages and has failed to do so.

## NINTH DEFENSE

Plaintiff cannot recover against Defendants because Defendants committed no act or omission constituting discrimination, a violation of equal protection, or a violation of any rights of Plaintiff.

## TENTH DEFENSE

Plaintiff's claims, in whole or in part, are foreclosed and her damages limited by the after-acquired evidence doctrine.

## ELEVENTH DEFENSE

If any improper, illegal, discriminatory, or retaliatory actions were taken by any of the entity Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, and were not ratified, confirmed, or approved by the entity Defendant. Thus, any such actions cannot be attributed or imputed to the entity.

## **TWELFTH DEFENSE**

Plaintiff cannot establish race, color, or another protected characteristic as a "but-for" cause of the challenged adverse employment action.

## **THIRTEENTH DEFENSE**

There is no causal connection between any alleged protected conduct displayed by Plaintiff and her termination, and there is no evidence of animus by Defendants against Plaintiff for the exercise of any protected right.

## **FOURTEENTH DEFENSE**

To the extent Plaintiff has failed to exhaust and/or timely exhaust her administrative remedies, her claims are barred.

## **FIFTEENTH DEFENSE**

Plaintiff has not satisfied all conditions precedent to suit under Title VII and the case must therefore be dismissed.

## SIXTEENTH DEFENSE

An award of liquidated damages is not proper in this case because Plaintiff cannot show that Defendant intended to cause injury to Plaintiff or otherwise acted with reckless or wanton disregard for Plaintiff's rights.

## SEVENTEENTH DEFENSE

Defendant's employment decisions regarding Plaintiff were based on legitimate, nondiscriminatory reasons and were consistent with business necessity.

## EIGHTEENTH DEFENSE

Plaintiff fails to state a cause of action for attorney's fees.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses thereto, Defendants pray that Plaintiff's Complaint be dismissed in its entirety, that judgment be entered in favor of Defendants and against Plaintiff, and

that Defendants recover its costs and reasonable attorneys' fees incurred in this

matter, together with such other and further relief as the Court may deem just and

proper.

      Respectfully submitted this 29th day of September, 2023.

                    HENEFELD & GREEN, P.C.

                    /s/ Noah Green
                    Noah Green
                    Georgia Bar No. 468138
                    *Attorney for Defendants*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com

## CERTIFICATE OF COMPLIANCE

      Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been

prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type

face.

                    /s/ Noah Green
                    Noah Green
                    Georgia Bar No. 468138

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for the opposing parties

with a copy of **Defendant's Answer to Plaintiff's Complaint** by filing same with

the Clerk of Court using the CM/ECF system which will send notification of such

filing to all counsel of record.

This 29th day of September, 2023.

HENEFELD & GREEN, P.C.

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendants*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com